**Theodore PERSONS and Alice Persons, Appellants,**

v.

**Charlotte Anderson PERSONS, Appellee.**

**No. 01–83–0108–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 12, 1984.

Rehearing Denied Feb. 9, 1984.

Barnet B. Skelton, Jr., Houston, for appellants.

Vincen J. Musachia, David B. Bires, Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

COHEN, Justice.

This case involves title and possession of property owned by Kenneth Persons, deceased. The issue is whether there was sufficient evidence to sustain a finding that the appellee was his common-law wife.

On December 20, 1978, the appellee, Charlotte Persons, and the decedent were divorced. The couple had been ceremonial-

ly married. On April 5, 1979, the decedent purchased a 1979 Dodge custom van, and on April 19, 1979, he was shot and killed. Subsequent to his death, the appellants, Alice and Theodore Persons, who were the parents of Kenneth Persons, took possession of the van.

The appellee brought suit alleging that subsequent to their divorce, she and the decedent had lived together as husband and wife and held themselves out as such; that the van in question was community property having been purchased during their post-divorce common-law remarriage; that the van was unlawfully taken from the appellee's home on April 20, 1979, by the appellants, who converted it to their use, retained it, and wrongfully acquired title to it. The appellee requested a writ of sequestration, an injunction, damages, and attorney's fees.

After a non-jury trial, the court awarded the van and $800, plus interest, to the appellee.

■ The appellants challenge the legal and factual sufficiency of the evidence. No findings of fact and conclusions of law were filed, and therefore, we must affirm the judgment if it can be sustained on any lawful theory finding support in the pleadings and evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). However, every theory pled by the appellee requires a finding of common-law marriage in order to sustain a verdict in her favor.

The appellants contend that there was no evidence, or factually insufficient evidence, to support the implied findings of the three elements of a common-law marriage.

■ The elements of a common-law marriage are that the parties agreed to be married, and after the agreement, they lived together in this state as husband and wife, and represented to others that they were married. The agreement of the parties to be married may be inferred, if it is proved that the parties lived together as husband and wife and represented to others that they were married. Tex.Fam.Code Ann. § 1.91 (Vernon 1975). *Ex parte*

*Threet*, 160 Tex. 482, 333 S.W.2d 361, 364 (1960); *Grigsby v. Reib*, 105 Tex. 597, 153 S.W. 1124 (1913). Since the first element can be inferred, the appellee was required only to introduce sufficient evidence of the latter two elements. *Shelton v. Belknap*, 155 Tex. 37, 282 S.W.2d 682 (1955).

■ The appellee testified that she lived with the decedent at 6506 Beldart in April of 1979, and that they signed the credit application for the purchase of the van on April 3, 1979. The application, introduced into evidence, named the appellee as the decedent's spouse and listed the decedent's address as 6506 Beldart. She further testified that the van was maintained at that address and she had care, custody, and control of it. She stated that on December 25, 1978, five days after their divorce, she and the decedent had a Christmas party at the Beldart address, and that subsequent to December 20, 1978, she agreed to be the decedent's wife, and they lived together thereafter until his death on April 19, 1979, sharing their living expenses at the Beldart address. She stated that on April 3, 1979, she considered herself married to the decedent.

The appellee's mother testified that in April of 1979, the appellee and Kenneth Persons were living at the Beldart address with the appellee's daughter from a prior marriage, and she visited them almost every day in April. She further testified that the appellee referred to Kenneth Persons as her husband during the period of time from January of 1979 through April of 1979.

A funeral home record showed the appellee as the wife of Kenneth Persons and that she paid his funeral expenses. Finally, the appellant, Theodore Persons, admitted that on April 3rd or 4th of 1979, his son, Kenneth Persons, lived at the Beldart address.

The appellants rely primarily on three cases for the proposition that the evidence was either legally or factually insufficient. In *Ex parte Threet, supra*, the court said that "isolated references to a person as

being one's spouse constitutes no evidence of holding out to the public." *Ex parte Threet, supra,* 333 S.W.2d at 364. However, in that case, the parties never occupied a common residence. Further, while the purported common-law wife in that case did introduce her alleged husband to a girlfriend as her husband, she also represented to other people that she was a single person. *Ex parte Threet* is distinguishable from the instant case because there was evidence that the appellee and the decedent lived together at the Beldart address at least in April of 1979, and there was no evidence which showed the appellee or Kenneth Persons represented themselves to others as single. The reference on the credit application showing Charlotte Persons as the "spouse" of Kenneth Persons was more than an isolated instance of holding out.

The appellants also rely on *Drummond v. Benson,* 133 S.W.2d 154 (Tex.Civ.App.—San Antonio 1939, no writ). In *Drummond* the alleged wife was living with the alleged husband under a purported agreement to be married while the husband was still ceremonially married to another person. The court said: "[U]nder these facts, the following rules of law are applicable: Where the connection between the parties is shown to be illicit in its origin, or criminal in its nature, the law raises from it no presumption of marriage." *Drummond, supra,* at 160. Thus, *Drummond* is clearly distinguishable from the instant case where no impediments existed to a common-law marriage.

■ Finally, the appellants rely on *Estate of Claveria v. Claveria,* 615 S.W.2d 164, 167 (Tex.1981). In that case the alleged husband and wife lived together, but the only evidence of holding out to the public was a recorded deed in which both parties represented that they were married. The deed was notarized and acknowledged by both and was filed in the public records. The Court said: "[F]rom the nature of that proof, their agreement to be married may also be inferred." We find no appreciable difference between the acknowledgement of a deed and signed statements in a credit application which, if false, would expose the applicants to criminal penalties. *See* Tex.Penal Code Ann. § 32.32(b) (Vernon 1974). In the instant case, as in the *Estate of Claveria,* there was evidence that the parties had lived together as husband and wife. The Supreme Court held that the recorded deed, notarized and acknowledged, was sufficient evidence of holding out. We hold that there was legally sufficient evidence of holding out in the instant case.

Since there was some evidence to support the required implied findings by the trial court, we must now review all contrary evidence in order to determine if the evidence was factually sufficient. The only evidence challenging the appellee's contentions was the testimony of the appellants and one disinterested party, all of whom testified that Kenneth Persons did not reside solely at the appellee's residence after December 20, 1979, but also stayed at his parents' house, an ex-girl friend's house, and at another apartment with his brother and a friend. None of this evidence rebuts the appellee's testimony that Kenneth Persons lived with her at the Beldart address in April of 1979, nor does it rebut the appellee's contention that they were holding themselves out to the public as husband and wife. Whether a common-law marriage existed prior to that time is immaterial. If the common-law marriage was established on the date the van was purchased, the appellee, would be entitled to the van, having a one-half interest as the community survivor and a one-half interest as an heir under § 38 of the Probate Code. The appellants' evidence did not challenge the status of Charlotte and Kenneth Persons as of April, 1979, and since the evidence in that regard is legally sufficient, the trial court's finding is not against the great weight and preponderance of the evidence. Points of error one through six are overruled.

■ The appellants further contend that the trial court erred in admitting testimony, over objection, that was inadmissible be-

**564**

cause of the "Dead Man's Statute", Tex. Rev.Civ.Stat.Ann. art. 3716 (Vernon 1926). The only testimony admitted over objection was that of the appellee, testifying on rebuttal that subsequent to December 20, 1978, she agreed to be married to Kenneth Persons and that they lived together from then until April 19, 1979, holding themselves out as husband and wife during that period. We do not reach the merits of the question because other evidence admitted without objection was sufficient to support the court's implied findings. The appellee testified, without objection, that she lived at the Beldart address with Kenneth Persons in April of 1979. Her mother testified without objection that Kenneth and Charlotte Persons lived at the Beldart address in April of 1979, and that the appellee referred to the decedent as her husband at that time. This testimony, together with the admission by the appellant, Theodore Persons, that Kenneth and Charlotte lived at the Beldart address in April of 1979 is sufficient evidence that they lived together at the only time relevant to this action, i.e., April, 1979. Further since the credit application was sufficient evidence of holding out to the public, the challenged testimony was merely cumulative and corroborative. If the admission of the challenged evidence was erroneous, it was not the probable cause of an improper judgment. Tex.R. Civ.Pro.Ann. 434. The seventh, eighth and ninth points of error are overruled.

The appellant's final complaint is that there was no pleading in the appellee's petition to support the relief granted, namely, title and possession of the van and $800 damages. The petition asked for a writ of sequestration returning the van to the appellee's possession, for damages, and for general relief. This request is broad enough to permit the relief granted. Point of error ten is overruled.

The judgment is affirmed.